UNITED STATES of America, Plaintiff-Appellee,

v.

William "Billy" PANASUK, Defendant-Appellant.

No. 81–5780.

United States Court of Appeals, Eleventh Circuit.

Dec. 16, 1982.

---

L. Mark Dachs, Law Office of Melvyn Kessler, Melvyn Kessler, Miami, Fla., for defendant-appellant.

William C. Bryson, Ellen Byers, Washington, D.C., for plaintiff-appellee.

Before RONEY, TJOFLAT and FAY, Circuit Judges.

FAY, Circuit Judge:

This is an appeal from a denial of a petition for writ of habeas corpus[1] by the federal district court of the Southern District of Florida. Ground for the petition is that the petitioner received ineffective assistance of counsel at his trial on charges of violating federal drug laws due to the alleged conflict of interest of two of his attorneys. We affirm the denial.

## I. FACTS

After being charged with three counts of violating federal drug laws, petitioner Panasuk was represented by two law firms. A member of one of these firms, Paul Pollack, was named as an unindicted co-conspirator by the government in response to defendant Panasuk's motion for a bill of particulars. The petitioner argues that Mr. Pollack's status as an unindicted co-conspirator created a conflict of interest preventing him from effectively representing his client.

## II. CONFLICT OF INTEREST

### A. Mr. Pollack

██ It is possible that an unindicted co-conspirator representing an indicted co-conspirator could operate under such a conflict of interest that his client would not be effectively represented. But a careful review of the record shows that such is not the case here.

Four attorneys from two firms participated in various phases of the petitioner's defense; Mr. Varon and Mr. Stahl of one firm, and Mr. Pollack and Mr. Komorowski of the other. Of the four, the role of Mr. Varon was preeminent. At the arraignment, Mr. Stahl (of Varon's firm) was listed as counsel of record. From then on, Mr. Varon clearly handled and directed the defense. Mr. Varon prepared numerous motions, petitions, memoranda, notices and responses. Mr. Varon appeared and conducted the defense at a pre-trial hearing on the defendant's motion to suppress evidence that both sides conceded was the deciding issue in the case. When the court asked at this hearing who intended to represent the defendant at trial, Mr. Varon responded "I am going to try it, because I have been in this case from the very beginning." At an earlier hearing, Mr. Komorowski appeared and stated that he and Mr. Varon were "handling the case" and "nobody else from either firm is responsible for this case except the two of us." At trial, the government introduced twenty witnesses. Mr. Pollack cross-examined one witness extensively and another very briefly. Mr. Pollack examined one witness for the defense. Mr. Varon, however, cross-examined all other witnesses, made every objection on behalf of the defense, and made and argued all motions to the court. Mr. Varon also

---

[1]. 28 U.S.C. § 2255.

prepared and signed several post-trial motions for the defendant and appeared with Mr. Komorowski at Mr. Panasuk's sentencing.

It should be noted that both the government and the defense agree that the motion to suppress evidence of the crimes was Mr. Panasuk's only chance for acquittal. Both sides also agree that Mr. Varon alone handled that motion both in its preparation and at the hearing on that issue. The trial was merely a *pro forma* proceeding to preserve the suppression of evidence issue for appeal.[2] There is no suggestion that Mr. Pollack was even involved in the proceeding that in fact was dispositive of the whole case, i.e., the hearing on the motion to suppress evidence.

These facts fully support the conclusion of the District Judge that Mr. Varon, not Mr. Pollack, represented the appellant. His conclusion that any conflict of interest on Mr. Pollack's part had no effect on the appellant's defense is correct.

**B. Mr. Varon**

■ The appellant now also contends that Mr. Varon suffered from a conflict of interest because he was actually retained to protect the interests of Mr. Pollack. There is no support in the record for this contention. In fact, Mr. Varon specifically denies it in a letter to appellant's appellate counsel.[3] The appellant's assertion here is that Mr. Varon was actually representing two clients—the appellant and Mr. Pollack. But there is no showing that the interests of the appellant and Mr. Pollack were different in

any way. In fact, Mr. Pollack was not a co-defendant and was never indicted.

■ The Supreme Court addressed this issue in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). In that opinion the Court discussed with approval its earlier ruling in *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), quoting: "[u]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." 446 U.S. at 349–50, 100 S.Ct. at 1718–19. The Court held: "[i]n order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *id.,* 446 U.S. at 350, 100 S.Ct. at 1719. While there has been some argument concerning the exact meaning of "adversely affected" as used by the Court, see, e.g., *Baty v. Balkcom,* 661 F.2d 391 (5th Cir. 1981); id. at 398, (Fay, J., concurring specially), there is no question that *active* representation of conflicting interests is required to establish a violation of Sixth Amendment rights. The mere suggestion (denied by Mr. Varon and unsupported by the evidence) by the appellant that Mr. Varon was actually hired by and loyal only to Mr. Pollack who was not even indicted cannot amount to "actively representing conflicting interests." Further, there is no showing that even an active and conscious representation of Mr. Pollack by Mr. Varon would conflict with representation of the appellant.[4]

---

2. The United States Court of Appeals for the Fifth Circuit affirmed the appellant's conviction in an unpublished opinion on April 23, 1981.

3. Varon said in this letter "[t]he only factual discrepancy may appear in your allegations on pages 2 and 3 which indicates that Paul Pollack retained our firm without notice to or consulting with Billy [Panasuk]. I do not believe this is quite accurate as I seem to recall we had a conversation prior to Billy even being indicted." (R. vol. 1 p. 238).

4. Three trial witnesses made reference to Mr. Pollack. These references dealt in general terms with Mr. Pollack's presence during certain drug transactions, his handling money

which may or may not have been related to drug transactions, and his alleged threatening of a possible witness with a gun. Because Mr. Pollack was not a defendant in the case, the trial judge was not required to weigh the evidence or determine its credibility for purposes of considering the question of possible conflict of interest. If we assume, for argument only, that there was some basis for this testimony, all of the conduct would have related to activity by a member of the conspiracy in furtherance of the conspiracy. Thus it appears that the interests of Mr. Pollack and Mr. Panasuk were at least parallel, if not identical.

We need not reach the question how much harm a defendant must show when there is an actual conflict of interest to prove that his Sixth Amendment rights have been violated, because we decide that there has been no active representation of conflicting interests by Mr. Varon. "The possibility of conflict is insufficient to impugn a criminal conviction." *Sullivan, supra,* 446 U.S. at 350, 100 S.Ct. at 1719.

The order denying the petition for writ of habeas corpus is AFFIRMED.